# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FREDYS MARTINEZ,

    Petitioner,

vs.

JACK PALMER, et al.,

    Respondents.

Case No. 3:10-CV-00777-ECR-(VPC)

**ORDER**

Petitioner has submitted an application to proceed in forma pauperis (#1) and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court finds that petitioner is unable to pay the filing fee. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner needs to show cause why the court should not dismiss this action as untimely.

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A judgment, if appealed, becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. Bowen v. Roe, 188 F.3d 1157, 1158-60 (9th Cir. 1999). See also Sup. Ct. R. 13(1). Any time spent pursuing a properly-filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Section 2244(d) is subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace, 544 U.S. at 418). The petitioner effectively files a federal petition when he mails it to the court. Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The court can raise the issue of timeliness on its own motion. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

In the Eighth Judicial District Court of the State of Nevada, petitioner was convicted of burglary and first-degree kidnaping. The sentence for at least one of these crimes was enhanced for the use of a deadly weapon.[1] The court entered its judgment of conviction on May 31, 2007. Petitioner appealed, and the Nevada Supreme Court affirmed on May 7, 2008. Martinez v. State, 238 P.3d 835 (Nev. 2008) (table).[2] The time to petition the Supreme Court of the United States for a writ of certiorari expired on August 5, 2008. Six hundred thirty-three (633) days later, on April 30, 2010, petitioner filed in state court a post-conviction petition for a writ of habeas corpus.

---

[1] In the space for describing the offenses, petitioner only cited sections of the Nevada Revised Statutes, without specifying which crime received the deadly-weapon enhancement.

[2] In the petition itself, petitioner alleges that the Nevada Supreme Court affirmed the judgment of conviction on August 12, 2006, more than nine months before the judgment of conviction was entered. Obviously, this is impossible.

Petitioner alleges that he appealed the denial of that petition, and that the Nevada Supreme Court decided the appeal on December 7, 2010.  Remittitur would have issued on or around January 3, 2011, taking into account both New Year's Day and a weekend.  Nev. R. App. P. 41(a).  Before then, on December 11, 2010, petitioner effectively commenced this action by mailing his federal habeas corpus petition to this court.

On its face, the petition is untimely.  Six hundred thirty-three (633) days passed between the finality of petitioner's judgment of conviction and the filing of his state habeas corpus petition.  The court assumes for the purpose of this order that the time spent on the state habeas corpus petition is eligible for tolling pursuant to 28 U.S.C. § 2244(d)(2).[3]  However, the one-year period expired long before petitioner filed his state habeas corpus petition, and nothing was left to be tolled.  Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).  Petitioner needs to show cause why the court should not dismiss this action as untimely.

IT IS THEREFORE ORDERED that the application to proceed in forma pauperis (#1) is **GRANTED**.  Petitioner need not pay the filing fee of five dollars ($5.00).

IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to show cause why this action should not be dismissed as untimely.  Failure to comply with this order will result in the dismissal of this action.

IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

---

[3] Nevada has a one-year period of limitation for filing a post-conviction habeas corpus petition.  In petitioner's case, the period started running from the issuance of the remittitur after his direct appeal, which would have been on or about June 2, 2008.  See Nev. Rev. Stat. § 34.726.  Petitioner filed his state habeas corpus petition long after the expiration of this period of limitation.  If the state courts decided that the petition was untimely, then it is not eligible for tolling pursuant to 28 U.S.C. § 2244(d)(2).  Pace, 544 U.S. at 417.  Consequently, the federal habeas corpus petition would be even more untimely than it already is.

1  IT IS FURTHER ORDERED that the clerk shall electronically serve upon
2 respondents a copy of the petition and a copy of this order.  No response by respondents is
3 necessary.
4  DATED:   January 20, 2011

_____
EDWARD C. REED
United States District Judge