# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FREDYS MARTINEZ,

    Petitioner,

vs.

JACK PALMER, et al.,

    Respondents.

Case No. 3:10-cv-00777-LRH-VPC

**ORDER**

    Before the court are the first amended petition for writ of habeas corpus (#29), respondents' motion to dismiss (#36), petitioner's opposition (#42), and respondents' reply (#44). The court finds that this action is untimely and that equitable tolling is not warranted. The court grants respondents' motion.

    Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009). See also Sup. Ct. R. 13(1). Any time spent pursuing a properly-filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Section 2244(d) is subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace, 544 U.S. at 418). The petitioner effectively files a federal petition when he mails it to the court. Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

After a jury trial, petitioner was found not guilty of sexual assault with the use of a deadly weapon, and petitioner was found guilty of burglary while in possession of a weapon, battery with the use of a deadly weapon, and first-degree kidnaping with the use of a deadly weapon. The state district court entered its judgment of conviction on May 31, 2007. Ex. 21 (#30).[1] Petitioner appealed, and the Nevada Supreme Court affirmed on May 7, 2008. Ex. 29 (#30). The judgment of conviction became final on August 5, 2008, when the time to petition for a writ of certiorari expired. Petitioner filed in the state district court a post-conviction habeas corpus petition on April 30, 2010. Ex. 36 (#31). The state district court dismissed the petition because it was untimely pursuant to the state's one-year statute of limitations, Nev. Rev. Stat. § 34.726(1). Ex. 49 (#31). Petitioner appealed twice, once after the district-court hearing that denied his petition, and once after receiving the notice of entry of order. The Nevada Supreme Court entertained both appeals. It affirmed the

---

[1] Petitioner has filed two sets of exhibits. The court adopts petitioner's method of citation. Citations to "Ex." refer to the exhibits in support of the first amended petition (#29). Citations to "Opp. Ex." refer to the exhibits in support of the opposition (#42).

1 district court's decision on May 9, 2011, and July 13, 2001. Ex. 56, 58 (#31). Remittiturs issued on
2 June 3, 2011, and August 10, 2011, respectively. Ex. 57, 59 (#31). While the state habeas corpus
3 petition was pending, on December 11, 2010, petitioner mailed to this court a petition for a writ of
4 habeas corpus pursuant to 28 U.S.C. § 2254 (#8).

5       The one-year period of § 2244(d)(1) expired long before petitioner mailed his original
6 petition (#8). Nothing was pending in any court in the year after the judgment of conviction became
7 final on August 5, 2008. The state habeas corpus petition was ineligible for tolling pursuant to
8 § 2244(d)(2) for two reasons. First, the state courts determined that the state petition was untimely,
9 and that in turn meant that the state petition was not "properly filed" for the purposes of
10 § 2244(d)(2). Pace, 544 U.S. at 417. Second, the federal period of limitation had expired almost
11 nine months before petitioner filed his state habeas corpus petition, and there was nothing left for
12 the state petition to toll. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Equitable tolling is
13 necessary for the court to consider the first amended petition.

14       Petitioner presents three arguments for why extraordinary circumstances prevented him from
15 filing a petition on time: His proficiency in English is limited, he had limited or no access to the
16 prison's law library, and he could not obtain a copy of his case file from his appellate counsel. "[A]
17 non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that
18 during the running of the [Antiterrorism and Effective Death Penalty Act] time limitation, he was
19 unable, despite diligent efforts, to procure either legal materials in his own language or <u>translation
20 assistance from an inmate, library personnel, or other source.</u>" Mendoza v. Carey, 449 F.3d 1065,
21 1070 (9th Cir. 2006) (emphasis added). Petitioner cites to several letters that he wrote in Spanish;
22 petitioner's counsel has provided printed translations of those letters. However, as respondents
23 correctly note, some of those letters, and also inmate grievance forms, that petitioner wrote during
24 the time that the period of limitation was running have contemporaneous handwritten translations
25 into English. Opp. Ex. 1, 2, 6, 7, 9-11 (#43). Somebody was assisting petitioner with translations
26 during that time. Consequently, petitioner's limited proficiency in English was not an extraordinary
27 circumstance that prevented him from filing a petition.
28 ///

Petitioner's limited access to the prison's law library also did not create an extraordinary circumstance. Apart from his limited proficiency in English, which the court has discussed above, the paging system that petitioner describes is nothing different from what other inmates face, and many of those other inmates are able to file habeas corpus petitions on time.

Petitioner's argument that he was unable to obtain a copy of his appellate case file from appellate counsel does not persuade the court that equitable tolling is warranted. An attorney's egregious misconduct may warrant equitable tolling. Holland, 130 S. Ct. at 2562-63. The Nevada Supreme Court decided petitioner's direct appeal on May 7, 2008. Petitioner argues that he was unable to obtain his appellate case file, and thus learn of the decision on direct appeal, until some time in February 2010. The court must make a couple of assumptions to accept petitioner's assertions. First, in letters written in 2010 to appellate counsel, petitioner stated that the last time appellate counsel sent a letter to him before sending the case file was on May 23, 2008. Opp. Ex. 17, 23 (#43). Petitioner does not submit a copy of that May 2008 letter as an exhibit. The court needs to assume that, in a letter written about two weeks after the decision on direct appeal, appellate counsel did not inform petitioner about the decision. Second, petitioner wrote to trial counsel on January 28, 2009 and asked her to ask appellate counsel to tell petitioner the status of his direct appeal. Opp. Ex. 4 (#43). Then, in a letter to trial counsel dated February 5, 2009, petitioner wrote that appellate counsel had contacted petitioner after the January 28 letter and informed petitioner that his direct appeal was still pending; petitioner told trial counsel that he was stopping work on his "next appeals" until the conclusion of the direct appeal. Opp. Ex. 5 (#43). If appellate counsel contacted petitioner by letter in early 2009, then again petitioner did not submit a copy of that letter as an exhibit. If appellate counsel actually did inform petitioner in early 2009 that his direct appeal was still pending, then the court needs to assume that petitioner's current counsel decided not to argue that such incorrect information was egregious misconduct and left it for the court to find on its own. For the purposes of this order, the court will make those assumptions.

Petitioner still has not shown the diligence required for equitable tolling. In a motion filed in state district court on October 23, 2009, petitioner asked that court to order the prison to allow additional photocopying, because he might otherwise become time barred, among other adverse

1  consequences. Opp. Ex. 13 (#43). Then, around February 2010, petitioner learned that his direct
2  appeal actually had ended in May 2008. He knew by then that he had a problem with the timeliness
3  of any post-conviction petition, state or federal, that he might file. Petitioner filed a state habeas
4  corpus petition on April 30, 2010. Ex. 36 (#31). However, he filed nothing in federal court for
5  more than seven months, when he mailed his pro se federal petition (#8) to this court on December
6  11, 2010. All of petitioner's arguments for diligence refer to steps that he took before he filed his
7  state habeas corpus petition. See Opposition, at 12-13 (#42). Petitioner has not explained why he
8  waited seven months after filing his state petition to mail his federal petition to this court. See
9  Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1014 (9th Cir. 2009). Furthermore, petitioner's
10 limited proficiency in English, limited access to the prison's law library, and lack of his case file
11 could not have caused petitioner from filing his federal petition between April 30, 2010, and
12 December 11, 2010, because he had been litigating in state court during that time. See Spitsyn v.
13 Moore, 345 F.3d 796, 799 (9th Cir. 2003). For these reasons, the court finds that equitable tolling is
14 not warranted.

15  Respondents also argue that ground 4 is procedurally defaulted and that ground 5 is not
16 exhausted. The court will not consider these arguments because the court has determined that the
17 petition is untimely.

18  Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District
19 Courts, the court must consider whether to grant a certificate of appealability because it is
20 dismissing this action.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

24 Slack v. McDaniel, 529 U.S. 473, 484 (2000). Reasonable jurists might find the court's conclusions
25 on equitable tolling to be debatable. Furthermore, ground 3 might state a valid claim that the
26 evidence was insufficient to support a verdict of guilty for first-degree kidnaping with the use of a
27 deadly weapon. The court will grant a certificate of appealability.
28 ///

1      IT IS THEREFORE ORDERED that respondents' motion to dismiss (#36) is **GRANTED**.
2 This action is **DISMISSED** with prejudice as untimely. The clerk of the court shall enter judgment
3 accordingly.
4      IT IS FURTHER ORDERED that a certificate of appealability is **GRANTED** on the issue of
5 whether the court is correct in its determination that equitable tolling is not warranted.
6      DATED this 23rd day of February, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE